May it please the Court, I'm Roger Segal, attorney for the appellant, Miguel Gomez-Hernandez. I would like to reserve a couple minutes for my rebuttal. I'm going to cut to the chase since we don't have that much time. What I see to be the fundamental issue here is the government's really only answer to the challenges raised to the 16-level enhancement is that the attempt conviction somehow cures the over-breath. There's some fairly clear facial, I guess, the argument is facially pleasing to some extent, but... Well, let me see if I can ask a question that will help me sort this out. There are at least two ways in which a crime definition can be over-broad for categorical analysis. One, which is the more typical, is where the crime can encompass nonviolent conduct as well as violent conduct, or let's say a consented to entry instead of a nonconsented burglary. But here the difference is the state of mind only, not the nature of the conduct. And so does that make any difference? Because the attempt, as I understand it, requires specific intent to accomplish the thing that the statute forbids. And so if the statute forbids only things that are sufficiently violent, then doesn't the attempt piece take care of the mental state? No, Your Honor, and let me explain why. I don't agree with the premise that the only issue has to do with the defendant's state of mind. The Arizona assault statute has three subsections. The first one has to do with the one that was briefed the most, which is the one that requires intentional, knowing, reckless infliction of injury. The third one has to do with basically call it offensive touching. But don't we have case law already wrong, even if it is, as you're suggesting? That the Arizona aggravated assault statute is a crime of violence? Categorically. Excuse me? It's not categorically, but I guess not then. Do we have any case law as to the subsection that you're talking about? There's a – on A3, that subsection, there's a wealth of cases. I don't know if it is on an Arizona subsection, but there's a wealth of cases coming out of California with respect to – from the Ninth Circuit with respect to offensive touching statutes. And it's – there's a – I cite them in my – in my brief, and basically what they hold is that it's an offensive touching, which in this – in this case is only requires an intent to injure. Provoke or insult. Clearly, insulting and provoking is not – is not – does not require force or even the attempted or threatened use of force. So it doesn't – I believe that the Ninth Circuit's case law is very clear on that offensive touching type of assault. Can I ask another – to switch gears, and I understand your argument. On the attempt statute, I'm trying to understand how that works. The substantive crime, aggravated assault, can be committed recklessly. So here, for example, if he didn't intend to cut – well, if he pointed a knife at his sister-in-law, and I gather he didn't need to necessarily intend to use it, but it was reckless with regard to whether he – he could hurt her anyway, even though he didn't intend to use it. Now, with regard to an attempt to – to recklessly assault, he has to intend – he has to have an intent, but is the intent simply an intent to recklessly assault? In other words, could his intent be under Arizona law that, in fact, he was intentionally holding this knife? He wasn't – he did not know he was holding the knife. He intended to hold the knife, and holding the knife was reckless. Is that an attempt under Arizona law? It doesn't even have to intend to hurt her. No. Under Arizona law of intent, and I cited some of the cases which discuss this issue, and one of them, in those cases, were – were – they discuss a case called Adams and the specific cases that I cited which – which discuss Adams are, I believe, Delgado and Fimbres. And basically, what the Arizona law on attempt says is that it's an – it distinguishes an attempt, and that brings another good point, which is one of the reasons. Well, what's the answer to my question? Okay. Okay.   Let me ask you. Let me ask you. Because I don't know the answer, and I'm trying to understand it. What you're – He intends to hold the knife, and holding the knife is recklessly – is an aggravated assault because he is recklessly in the situation where he – where she could be physically injured with a dangerous weapon. Is that attempt or not? No, it's not. It's not an attempted aggravated assault because in Arizona, in order to have an attempt – an attempted crime, it has to be intended, purposeful conduct, and the key is to achieve the objective of the – to achieve the objective, which is the crime. Well, here, though, the indictment charges him with attempting to cause physical injury. That's the attempt. And so I guess I have difficulty, at least as this was charged in this case, it eliminates the possibility that this was just an offensive touching attempt. It was an attempt to cause physical injury. I understand your point. I can't – I understand where you're coming from. It's at the bottom of ER 18. Yeah, but – Attempted and then up to the top, to cause a physical injury to blank the victim. If you'll notice, though, what the indictment specifically says is recklessly attempts. But you – but that's where the whole definition of attempt comes in. That's what I was saying. You can't attempt something – you can't attempt to cause physical injury if that's what you're attempting to do recklessly, because you have to intend to cause physical injury and take a substantial step toward doing so in order to be guilty of an attempt to cause a physical injury. Are you looking at the – I'm looking at the indictment at the bottom of page 18, the top of that page. The dangerous nature allegation as opposed to the charge. The dangerous nature allegation. No, I'm not. I'm looking at the bottom of page 18 on the top. Honor about the first day of July using a carpet knife slash razor, a deadly weapon or dangerous instrument, intentionally, knowingly or recklessly attempted to cause a physical injury in violation of a whole bunch of statutes. Correct. Right. And the issue that – one of the issues that I'm raising is that the – a reckless – the reckless attempt. But there is no such thing. That's, I guess, my other – I mean, that's where I'm fitting it into the other. There is no such thing as a reckless attempt. It's in Arizona. The difficulty comes with – now we're clearly in the modified categorical approach because we're looking at the – Not with regard to – you keep mushing the two together. I'm looking at this Arizona Supreme Court case, State v. Kiles, which holds that an attempt is a specific intent crime and by definition involves intentional conduct. And as I read that case, Arizona Supreme Court has made clear that a conviction for attempted aggravated assault cannot be based on mere recklessness. So if we agree that the attempt requires intentional conduct and you couple it with the language that Judge Graber points out in the indictment, why isn't that sufficient for the district court to conclude? Probably the biggest problem, Your Honor, is if you look at the change of plea transcript, it muddies the complete waters because you cannot figure out under what subsection the defendant pled guilty to in the change of plea. But he pled guilty to count two, did he not? No. There is – there is – the judgment is to count two. Yes. But there are three different portions of the assault statute, A-1, A-2, and A-3. And if you look at the change of plea transcript, what he's admitting to is – is A-2 conduct, causing – causing reasonable apprehension of fear. What he says with respect to the attempt was, I pointed a knife at the sister-in-law. But if period, end of story. And the lawyer comes in and says with – causing reasonable apprehension of fear. So if he did that intentionally, why is that not – why can't the district court conclude that that's a crime of violence? Because there's – there's no – there is absolutely – may I have a minute? Sure. Well, while you're doing that, I have the same – a similar issue, and maybe you can deal with them both at once. And I'm looking at ER-44, which is part of the transcript from the previous plea. And it starts at the top, where he says, one day I was drunk, and I cut her with a knife in her stomach. And who is she? The mother of my children. And what happened with the second one, I pointed a knife at my sister-in-law, thereby placing them, both of them, in reasonable apprehension of physical injury, all during the same incident. I guess I have difficulty reading that without – without seeing more than his description of what he did. Without more than recklessness. That has more than recklessness in it, that description of the facts. Well, I couldn't disagree any more. I mean, reasonable lines obviously differ. But when he says that he cut, and it doesn't say that he stabbed. He said he cut. There are a number of cases in Arizona, including Garcia, which I cited in my brief, Garcia, and another case that I cited, which talk about where there's a conviction based on reckless waving of a knife. And not even a reckless waving. In Brandon, there's a kid that gets into a fight with his father. He stabs his father. The girlfriend is around. The girlfriend, in his waving the knife, the girlfriend gets inadvertently injured. The court upheld a reckless – upheld the conviction of assault against the girlfriend based on the reckless behavior with the knife. Can we go back to my question? Because I didn't – I may have understood your answer, but I don't see how it comports with the statute or with Williams, and it seems to cut against your interest. So maybe I didn't understand it. But if what the statute requires is you have to act with the kind of culpability otherwise required for commission, i.e., that can include recklessness, right? Then you have to intentionally do or admit to do anything, which under the circumstances as you believe them to be, is a step in the course of conduct. So you have to intentionally hold the knife. You can't accidentally hold the knife. But I don't understand why you have to intend to hurt the person rather than intend to do something that's reckless. Where is that in the statute or in State v. Williams, for example? In State v. Adams, it talks about intent being – intent requires purposeful planned conduct intended to result in the objective. The objective in an attempted aggravated assault is the assault. It's the same as if it was a conspiracy. A conspiracy for a drug offense, for instance. As you just explained, the assault could be waving a knife around and cutting somebody, but not meaning to cut – hurt them. Excuse me? The assault can be waving a knife around and cutting somebody, but not intending to hurt them. That could be the – that's the crime, right? Correct. Right. So, well, I just – I guess I just have to read Adams. But Williams seems to me to say, it says that under Arizona statutes, a person commits an attempt of acting with the kind of culpability otherwise required A person can, with a culpable state of mind, which in this sense could be recklessness, take an intentional step toward committing first-degree murder, in that instance, without threatening to exert physical force. So if you take a step towards doing something with the – intentionally, i.e., pointing the gun at the sister-in-law, and you do it with the culpable state of mind, that seems to me to be what the Arizona statute says. Well, what you just read was the – with the intent to commit the crime. In that case, the murder. It's the intent to commit the crime, which is the intent to commit the crime. Because there it was first-degree murder, and you had to have intent. Well, anyway, I need to find out. I think we're going to hear from your opponent for a little while, since we've taken you about twice – twice your length of time. Do we have to hear from my opponent? Yes. Sorry. Thank you. And may it please the Court, Counselor, as the Court's aware, the defendant was convicted of attempted aggravated assault with a deadly weapon under the Arizona statute. As the Court has already noticed or taken note, that that conviction is supported by the statute and the case law that says that the act must have been done intentionally. What act, though? Why isn't the act pulling the gun – pulling the knife? The act of possessing the knife or pulling the knife. Pulling – pointing the knife. That's done intentionally. Yes. Okay. So is your argument that that itself is enough to make it a crime of violence, even if the connection to the injury is reckless? Yes. But then I also point out that in the indictment, when we get to the dangerousness count, that there is no reckless in the dangerousness count. The subseding allegation, when you go down there, it says it was done intentionally or knowingly, possessed the dangerous weapon, which brings it into the aggravated assault statute. The Court's concern in Esparza-Herrera, when they determined that the Arizona aggravated assault statute was not a crime of violence, was simply the mens rea, that it allowed for recklessness. But when you couple that with the Arizona attempt statute and the Arizona case law, it simply – it should alleviate that concern that the Court had because it only allows conviction for that intentional conduct. So it takes recklessness out of the picture. Additionally, under Taylor – Well, first of all, we have all this case law saying that when you have an attempt statute, you have to do a Taylor analysis of both the underlying crime and the attempt statute, right? Yes. Yes. And here the underlying crime doesn't work. So why isn't that the end of the story? The underlying crime doesn't work? Because the concern of why the underlying crime doesn't work is purely the mens rea. But I understand that. But that's not what our cases say. Our cases are categorical, and that's what they say over and over again. Then I would say, okay, if you don't want to find it categorically a crime of violence, that's fine. Do the modified approach. But I feel that's kind of a disingenuous answer to the extent that you're kind of sending people on a fool's errand to the extent that if something is categorically a crime of violence, as in the attempt statute combined with the aggravated assault statute, then in every scenario under the modified approach, it's still going to be a crime of violence. And so it kind of fails on itself to say that you can intentionally, recklessly assault someone. And so it seems like the attempt statute in this case ---- But I'm still having trouble with my scenario. Why isn't that an ---- if you understand my hypothetical. I thought my hypothetical was this case, all right? He is ---- he pointed a knife at his sister-in-law, right? That's an assault statute. That's an assault, but it's not a crime of violence. Yes. Because there doesn't have to be any intent to hurt anybody. Yes. All right. Now, he has taken a step towards the substantive crime by pointing the gun at her, by pointing the knife at her. And he's done that intentionally. He hasn't pointed the knife at her unintentionally. He's intentionally done that. But he's still only reckless with regard to whether or not he's going to hurt her. Well, under the statute, the enhancement that he receives is the possession of the dangerous weapon in that part that brings it into that. And I would submit that under that scenario, that it still qualifies, that he's acting with the adequate mens rea. But that has nothing to do with the intent. Could I ask a question here, which has to do with the nature of modified categorical, which has always confused me somewhat? The indictment here, pages 18 and 19, seems to me to narrow considerably the possible things for which he could have been convicted the first time by charging that he attempted to cause physical injury. And is that, can we take into account what the indictment says that he was attempting to do when we look at modified categorical? If just looking at the statutes, which is what I think categorical is, is too broad for whatever reason, can the indictment itself, by its description of the activity, narrow it sufficiently for purposes of the modified approach? Yes, it may. You can use the indictment and other underlying documents to determine basically does, under the modified approach, does it take it out of the over-breadthness that kept it from being in the categorical analysis? So is it possible to, under Arizona law, to attempt to cause a physical injury with a knife? Is that, is there any scenario under which that can be not a crime of violence? I don't believe so. And we're going to rely on the statute as a modified, if we're going to a modified categorical approach, and this is sort of the antidote to your notion that this is all a fool's errand because we're always going to end up in the same place. I mean, if in fact here the indictment does not properly illustrate the fact that it's not a crime of violence, then how could it be that if he pleaded to it, that he's pleaded to what's in the indictment and therefore to a crime of violence when what's actually in here is not a crime of violence? And I would submit that the reckless is, if you look at counts 1 and 2, I mean, they basically just threw the word attempts in count 2. Obviously they did, but you're trying to use it affirmatively if you're trying to use it for purposes of a modified categorical approach. And I would submit that adding the word reckless in count 2 was basically just a surplus of language that really should have been stricken from the indictment, more for the fact that, as the Court's noted, under the Arizona law, it's pretty clear that I don't believe this can be done recklessly. That's true, but if this is all he pleaded to, then you can't infer that he pleaded to something else, which would have been intentionally or knowingly, because he didn't plead to an indictment that said intentionally or knowingly. He pleaded to an indictment that said intentionally, knowingly, or recklessly, erroneously. And I think when you compare the indictment, which is giving notice to the defendant of what he's been charged with. He's charged with attempting to commit this aggravated assault. So he's in charge with, under law, intentionally attempting or intentionally basically trying this assault. It really falls on its face to say that, well, he's intentionally, recklessly trying to commit this assault. Yes, but it seems to me that you can't have this both ways. That if an indictment can add detail that makes him plead to a generic offense, then why isn't the opposite the case as well? I mean, in other words, they seem to have the statute wrong, but that's what they allege. And, again, I would submit that it was, in fact, a sloppy indictment, but, you know, the surplus of language in the indictment, while it's troublesome, I do think it gave adequate notice under the case law, and by putting the word intent there, that it was intentional conduct that that statute requires. You know, unfortunately, they added that word recklessly. I think that's too much. Does it matter that the final paragraph said that the offense involved the threatening exhibition of the knife? Is there anything about threatening exhibition that can be reckless? I guess it could, huh? I'm sort of answering my own question, I guess. And I will just add that defense counsel has asked that this go through the modified categorical approach, and if the Court wants to do that, that's fine, but I will say that this analysis under the modified categorical approach still found this to be a crime of violence, and the government You never explained why, though. That is true. We were happy to say that, but, you know, I will submit that that was the Court's finding, and so even, you know, I believe the enhancement was appropriately leveled in this case. If there are any further questions. What's our standard of review of the modified categorical finding or conclusion? I believe it's de novo. That's what I think, too. Any further questions, I may, may I be excusing? You may. Yes, but you may not leave the room. Had to pass. Mr. Siegel, we kept you a long time, but you may have a minute for rebuttal. I'd be happy to take Kyle's time. No, just a minute. I disagree with, with, for a couple of reasons. First, with the fact that this case was or could be decided on a categorical approach. First, the case law is clear that unless both the attempt statute as well as the substantive statute are held to be, are held to be categorically, categorical matches to the Federal definitions, then you have to proceed. But they're separate. The problem is they're separate crimes. And. Absolutely. I mean, we have, we have a completed offense called attempted aggravated assault, and on that basis, the district court in hand. The, the, I've laid out the case law very clearly, and especially in the letter that I, that I, I attached on Monday. But the, the, the case law is clear. And I'm not, I'm not arguing that attempt in Arizona is overbroad. What I'm arguing is that assault is overbroad. And, and if, if either assault is overbroad or, or attempt is, and it's clear that attempt is, that's, that's what, I forget the, the name of the case held from Arizona, Ninth Circuit, it's clearly overbroad. Then you have to go to the modified categorical analysis. Not only that, but the judge went to the modified categorical analysis. He talked about the specific language in the change of plea. The, the other problem, significant problem is the, the court, the justices have noted that this was very, very sloppy indictment. This was not just a sloppy indictment. This was a sloppy indictment, change of plea, and judgment, and as well as plea agreement. It's, it's very telling that the only document here which has attempt, the attempt statute, 1001, 13 CR, 13 ARS 1001, it's only in the indictment. That is not listed in the judgment. That is not listed in the, in the plea agreement. Don't the cases say that if we employ a modified categorical approach, we may look at the charging instrument along with the colloquy of the plea and any other judicially noticeable document? Absolutely. And, and the, but the, the, the information, the charging document itself is not enough unless the judgment or something such as the judgment reflects that that is what the I thought the judgment does say attempted aggravated assault. No, the, the judgment does not list which, does not list 1001, the attempt, nor does it list the, the type of, of, but what I was trying to point out is, is it doesn't point out the attempt statute. So, you know, to find the But the attempt statute applies by definition to every attempt. So I, I don't understand where that gets you. Since there were only two counts and he pleaded to both of them, I'm not really sure where you, where you're going with this. Well, well, the, the, the attempt statute is, is where, where you're importing the intention, intentionality. But it does. As a matter of law, if you're convicted of attempted X, then you have to look at X and attempt. Well. And his plea agreement cites to both, to both, to, to both statutes. So. No, it, it, it. Sure, it does. I'm looking at ER-22. It lists the charge, dash 1204 on the top of the page. No, 1204 attempt is 13-1001. 1204 and, and what they, what the, what none of the documentation other than the indictment does not list is the subsection under the aggravated assault, under, under the assault. In other words, it doesn't list. I think, I think we understand your position on that. And you are well over not only your time, but your opponent's time, too. So I think, I think we, we understand both halves of your, your position on the missing elements. Thank you, Your Honor. Thank you. The case just argued is submitted. We appreciate the thoughtful and interesting arguments from both counsel. Thank you.
judges: Graber, Berzon, Tallman